**B. Benedict Waters**
6230 Wilshire Blvd., # 182
Los Angeles, CA 90048-5104
310-967-3943

Plaintiff, Pro Se

FILED
2008 JUN -4 PM 12: 22
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

# United States District Court
# Central District of California

| | |
|---|---|
| B. Benedict Waters,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Hollywood Tow Service, Inc., et al.,<br><br>　　　　Defendants. | Case No. CV - 07 - 07568 CAS (AJW)<br><br>**Plaintiff's Opposition to Lead Defendant Hollywood Tow's Motion to Dismiss**<br><br>Date:　　2008 June 09<br>Time:　　10:00 AM<br>Dept:　　690 – Wistrich |

　　Following the Civil War and the adoption of the Thirteenth, Fourteenth, and Fifteenth Amendments, violence against blacks was endemic throughout the South. The United States Senate conducted extensive investigations on this lawlessness, especially focusing on the role of the Ku Klux Klan. A 600-page Senate report detailed the unwillingness or inability of Southern states to control the activities of the Klan. In response to this report, Congress adopted the Civil Rights Ace of 1871, section 1 of which is now embodied in § 1983.

　　The law, titled "<u>An Act to enforce the Provisions of the Fourteenth Amendment tot he Constitution, and for other Purposes</u>," was focused on protecting decent black citizens' civil and political rights.

　　Thus, it is ironic that Defendant City of Los Angeles' motion is before a magistrate, **Wistrich**, who has both expressed and demonstrated his belief that whites are superior to and have *greater* rights than blacks.

## Discussion

Certainly, moving party's arguments rest heavily on the racist proclivities of Wistrich. In all other respects, the moving party's arguments reflect that the Defendants are just another gang. It will require little effort and next to no time to establish that to a jury. As with gangs generally, Defendants show little regard and no respect for truth, the facts or law.

If anything, the instant motion shows why the public holds lawyers in such disdain. Here, someone named Uyen N. Nguyen presents a story that has more holes than a bum's underwear.[1]

1. **Moving Party Is Liable Under Section 1983 For Civil Rights Violations**

Uyen N. Nguyen claims that his client, <u>Hollywood Tow</u>, *"cannot be liable for complying with the City's instruction to impound Plaintiff's vehicle for violation of a state law."* Mo. 2:221-22. This argument is specious. First, there was no violation of any law. FAC, p. 5, ¶20. Defendants and their sundry lawyers attempts to ignore the express pleadings of the First Amended Complaint is contemptuous of federal pleading procedures and the plain language of the First Amended Complaint.

---

[1] We note Uyen N. Nguyen's claim of "Plaintiff's failure to respond to [his] attempts to meet and confer . . . ." We are not amused. His statement is calculatingly false. Unlike Defendant City of Los Angeles - which did explicitly extend an effort to meet and confer – and to which we responded accordingly, Uyen N. Nguyen simply left several telephone messages asking Plaintiff to call. We had no curiosity and were under no burden to explore why Uyen N. Nguyen wanted a telephone conversation. Put another way, **nothing prevented Uyen N. Nguyen from expressly stating the purpose of his calls – at least ONCE!**. Rather Uyen N. Nguyen hoped that by remaining mysterious Plaintiff would not reply. We find such antics boring. Uyen N. Nguyen, having shown himself dishonest can rest assured that Uyen N. Nguyen has achieved some slight effect in that we will not waste time seeking to indulge in any discourse with such a person. We perceive no purpose or benefit derivable from dealing with a dishonest individual.

We note parenthetically the employment of an old lawyer's trick of citing a broad range of pages as though to imply that somewhere in that range is what the lawyer claims can be found.

See, for example, Uyen N. Nguyen referencing Pages 13 and 14 of the First Amended Complaint, Mo. 1:13-14, and Pages 5 through 6, Mo. 2:2. None of the shotgun references actually contain the information or allegations Uyen N. Nguyen claims they do. It is an old lawyer's trick.

Second, as specifically alleged in the First Amended Complaint, the Defendants, and none of them, were enforcing any state law. **The state of California does not have a law for stealing cars**. The First Amended Complaint alleges that "*under color of*" of specific state laws, Defendants – including most assuredly Hollywood Tow – violated Plaintiff's civil rights.

2.   **Hollywood Tow Service Is NOT The Police**

Uyen N. Nguyen waste time arguing about what the Supreme Court stated was permissible for police. So what?

The First Amended Complaint does not allege Hollywood Tow Service is the police.

And for good reason. It is not.

Plaintiff was expressly told just that by the Los Angeles Police Department when – prior to initiating this litigation – Plaintiff complained of Hollywood Tow Service. It is telling that the Defendants all argue about what the police can and cannot do but none actually claims to be or have been the police at any time. See, e.g., Motion *passim*.

The Defendants and their lawyers persist in argument that is not particularly overburdened intellectually. They argue that " 'procedural due process does not require pre-deprivation notice and a hearing before impound"." See Motion 3:23-24. Again, so what.

1  Nowhere in the allegations, or at all, does Plaintiff contend otherwise. So
2  why waste time with such debate?
3  Another argument that leads us to a mental cul de sac is the one about
4  Section 22852 being constitutional. Again, so what? What? What? We do not
5  challenge the facial constitutionality of Section 22852. So we are compelled to
6  ask, again, why waste Plaintiff's limited time with such argument?
7  Moreover, while Section 22852 may provide for a post-deprivation hearing
8  there was none. First Amended Complaint, Page 12, line 28 and Page 13, lines 1-
9  2: "*Subsequent to the deprivation described in Paragraph 21, above,*
10 *Defendants **did not** afford Plaintiff **any** meaningful opportunity to be heard.*
11 *A meeting was held between the parties. Defendant Donetta Beckum*
12 *admitted that said meeting was a sham and a pretense and was of no real or*
13 *legitimate purpose.*" Id. Emphasis added.
14 Uyen N. Nguyen says that "Therefore, Plaintiff cannot claim that he did not
15 have an opportunity to be heard." Mo. 3:27 - 28. **That is exactly what Plaintiff**
16 **does claim.** "*Defendants **did not** afford Plaintiff **any** meaningful opportunity*
17 *to be heard.*" First Amended Complaint, Page 12, line 28. This court must
18 accept as true all material allegations of the First Amended Complaint as well as
19 any reasonable inferences to be drawn from them. **Pareto v. F.D.I.C.** (9TH Cir.
20 1995) 139 F.3d 922, 926.
21 On the other hand, as even the Defendants concede obliquely, circuit law
22 holds that while a post-seizure hearing *within* forty-eight hours does satisfy due
23 process, this holding necessarily subsumes the fact that a hearing *outside* of forty-
24 eight hours does **NOT** satisfy the requirements of due process. See **Goichman v.**
25 **Rhueban Motors, Inc.** (9th Cir. 1982) 682 F.2d 1320, 1325. In this instance,
26 there was no hearing at all, let alone one within forty-eight hours. First Amended
27 Complaint, ¶ 55. All material allegations of the First Amended Complaint must be
28 accepted as true. **Pareto, supra, at 926.**

### 3. Any Defect In The Third And Fourth Claim Is Curable

Plaintiff is uncertain if he correctly cited the status of Defendant Hollywood Tow. Uyen N. Nguyen agrees that a claim under sections 1681n & o of the Fair Credit Reporting Act is without the limitations claimed in the <u>Motion</u>, citing correctly Nelson v. Chase Manhattan Mortgage Corp. (9th Cir. 2002) 282 F.3d 1057, 1060. A complaint may not be dismissed unless it is clear that any defect cannot be cured by amendment. **Roe v. City of San Diego** (9th Cir. 2004) 356 F.3d 1108, 1112 (Citation omitted).

### 4. The Claims For Relief Give Specific Notice

Taking his cue from the racist magistrate unfortunately assigned this case, Uyen N. Nguyen whines repeatedly that the First Amended Complaint fails to plead evidentiary facts. While Plaintiff could do that it is neither permitted, FRCP Rule 8, or necessary.

The federal rules contemplate that the process of defining and narrowing the issues raised in the pleadings will be accomplished through discovery and other pretrial procedures. See **Conley v. Gibson** (1957) 355 U.S. 41, 47-48, 78 S.Ct. 99, 102 L.Ed.2d 80.

As to the RICO claims, all the elements of a RICO claim are alleged. Period.

/ / /

/ / /

/ / /

/ / /

## 5. Conclusion

Wistrich's intent, judging from his past antics, is diaphanous. In dismissing the instant litigation, Wistrich intends to claim that Plaintiff was given a chance to amend the pleadings. For the record, the First Amended Complaint was drafted merely to meet the racially warped contentions of Wistrich — and no more.

None of the Defendants or Wistrich address the unassailable aspects of the pleadings. For example, conveniently ignored by all is the fact that after Plaintiff paid – in cash – the extortion demanded by the Defendants Plaintiff's property was still not returned.

By way of comparison and not limitation, a person lawfully arrested and lawfully convicted and lawfully sentenced to 5 days in jail but not released until 7 days has a cause of action for civil rights violations.

Here, upon payment, there was no legal impediment to Plaintiff being restored his property. Rather, Defendants again deprived him of it. For an excellent explanation of the value of transportation see **Pareto v. F.D.I.C.** (9*TH* Cir. 1995) 139 F.3d 922.

The Defendants and Wistrich also conveniently ignore that Plaintiff's money and property was seized under color of state law and never returned and no hearing was ever held.

The Defendants and Wistrich also conveniently ignore that Plaintiff was unlawfully and falsely imprisoned – under color of state law – for an appreciable period of time.

We are not unmindful of Hollywood Tow's unenviable position. Among the group who really, really, really do not want to be in the position of a defendant in litigation, you know pedophiles, arsonists, gangbangers is certainly a crooked tow truck operation.

/ / /

/ / /

Defendants stole Plaintiff's car, money and property, then falsely imprisoned Plaintiff, later extorting money for the return of some of Plaintiff's property but next refusing to give even that back notwithstanding that the **cash** ransom had been paid. Defendants while operating a racketeering enterprise committed perjury followed by acts to conceal that and in doing so also totally and ***repeatedly*** violated the California Public Records Act in a further effort to hide their misdeeds.

*__We do not anticipate any difficulty whatsoever in convincing a jury that the Defendants are just <u>another</u> gang.__*

/ / /

2008 June 03

*[signature]*

**Waters**, *Pro Se*

# PROOF OF SERVICE

I, Arlene Johnson, the undersigned, certify and declare that I am over the age of 18, employed in the County fo Los Angeles, California, and not a party to the within cause.

On 2008 June 04, I served a true copy of:

**Plaintiff's Opposition to Lead Defendant Hollywood Tow's Motion to Dismiss**

by depositing it in the United States Mail, at Los Angeles, California, in a sealed envelope with the postage thereon fully prepaid to the following:

Rockard J. Delgadillo
Attorney for Special Interest but also Defendant Los Angeles City
200 N. Main St., 9th Flr, City Hall East
Los Angeles, CA 90012

Wood, Smith, Henning & Berman LLP
10960 Wilshire Blvd,. 18th Floor
Los Angeles, CA 90024-3804

I hereby certify under the penalty of perjury that the foregoing is true and correct. Executed 2008 June 04, at Los Angeles, California.

_Arlene Johnson_
Signature of Person Making Service