UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJWx) | Date | June 30, 2009 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS):**
**Plaintiff's Objections to Magistrate Judge's 2008 November 21 Order (filed 12/2/08)**

**Plaintiff's Objections to Magistrate Judge's 2009 February 17 Order (filed 2/23/09)**

**Plaintiff's Objections to Magistrate Judge's 2009 February 20 Order (filed 3/2/09)**

**Plaintiff's Objections to Magistrate Judge's 2009 March 12 Order (filed 3/23/09)**

**Plaintiff's Objections to Magistrate Judge's 2009 March 16 Order (filed 3/26/09)**

**Plaintiff's Objections to Magistrate Judge's 2009 April 1 Order Re: Default (filed 4/9/09)**

**Plaintiff's Objections to Magistrate Judge's 2009 April 1 Order Re: Extension (filed 4/13/09)**

     The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the matter is hereby taken under submission.

## I.     INTRODUCTION AND BACKGROUND

     On November 19, 2008, plaintiff B. Benedict Waters filed the instant action. On

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJWx) | Date | June 30, 2009 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL | | |

December 19, 2007, plaintiff filed his First Amended Complaint. On December 22, 2008, plaintiff filed his second amended complaint ("SAC") against defendants Hollywood Tow Service, Inc. ("Hollywood Tow"); Rafael; Robert Andalon; Gloria Jeff; Donetta Beckum; A. Mendieta; Shontay Jackson; John Doe; Kenneth Heinsius; City of Los Angeles ("the City"); and Rickenbacker Group, Inc. ("Rickenbacker").

Pursuant to Fed. R. Civ. P. 72(a), plaintiff has filed objections to seven orders issued by Magistrate Judge Andrew J. Wistrich in connection with this action, explained in detail below.

### A. November 21, 2008 Order

On November 20, 2008, plaintiff filed a Motion for Monetary Sanction of Todd T. Leung For Factual Representations Lacking Evidentiary Support and Not Well-Grounded in Law. On November 21, 2008, the Magistrate Judge issued an order ("November 21, 2008 Order") striking the motion pursuant to Fed. R. Civ. P. 12(f), on the grounds that the motion "contains gratuitously demeaning, impertinent, and scandalous attacks on counsel and parties." Nov. 21, 2008 Order at 1.

Plaintiff filed his objections to the November 21, 2008 order ("first objections") on December 2, 2008. Plaintiff also filed a "separate response" to the November 21, 2008 Order on December 10, 2008. The City filed a response on March 23, 2009. Plaintiff filed his reply on April 3, 2009.

### B. February 17, 2009 Order

On February 11, 2009, plaintiff filed a Motion for an Order Directing Wood, Smith, Henning & Berman and the Office of the Los Angeles City Attorney to Comply with Local Rule 83-9.2. In the February 11, 2009 motion, plaintiff prayed that the Court order defendants to file a joint request for decision on plaintiff's August 25, 2008 motion. February 11, 2009 Motion at 4. On February 17, 2009, the Magistrate Judge issued an order ("February 17, 2009 Order") construing plaintiff's February 11, 2009 motion as a joint request triggering the 30-day period under Local Rule 83-9.3 for the Court to respond to plaintiff's pending August 25, 2008 motion. In all other respects, plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJWx) | Date | June 30, 2009 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL | | |

motion was denied.

Plaintiff filed his objections to the February 17, 2009 Order ("second objections") on February 23, 2009. On March 9, 2009, the City filed a response and Hollywood Tow filed an opposition. Plaintiff filed replies to both the response and opposition on March 20, 2009.

### C. February 20, 2009 Order

On June 26, 2008 plaintiff filed a Motion for Declaratory Relief Re Exact Copy of Negative, seeking declaratory relief with respect to a request for public records he made to the City pursuant to the California Public Records Act ("PRA"), Cal. Gov't Code §§ 6250 et seq. The City filed an opposition on July 21, 2008. On February 20, 2009, the Magistrate Judge issued an order ("February 20, 2009 order") denying the motion on the grounds that it was "premature and procedurally improper." The Magistrate Judge noted that plaintiff's SAC includes several state law claims seeking declaratory relief for alleged violations of the PRA, including denial of the request which was the subject of the underlying motion. Feb. 20, 2009 Order at 1. The Magistrate Judge reasoned that plaintiff's motion was essentially a motion for summary adjudication of his PRA claims before a ruling on defendants' motion to dismiss and without any determination as to whether supplemental jurisdiction over those claims exists. Id. Although the Magistrate Judge found that it was not necessary to decide the issue of jurisdiction due to the motion's procedural infirmity, he stated that it was "not clear" that the Court had jurisdiction over plaintiff's PRA claims. Id.

Plaintiff filed his objections to the February 20, 2009 Order ("third objections") on March 2, 2009. The City filed its response on March 16, 2009. Plaintiff filed his reply on March 27, 2009.

### D. March 12, 2009 Order

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJWx) | Date | June 30, 2009 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL | | |

On September 19, 2008, plaintiff filed a Motion for Declaratory Relief Re Exact Copy of Photograph, again seeking declaratory relief with respect to a request he made to the City pursuant to the PRA. The City filed its opposition on October 9, 2009. Plaintiff filed a reply and a request for judicial notice on October 20, 2009. On March 12, 2009, the Magistrate Judge issued an order ("March 12, 2009 Order") denying the motion without prejudice for the same reasons articulated in the February 20, 2009 Order. The Magistrate Judge noted that plaintiff may be able to obtain the records which he seeks during discovery. Mar. 12, 2009 Order at 1. On March 23, 2009, plaintiff filed his objections to the March 12, 2009 Order ("fourth objections"). The City filed its response on April 1, 2009. Plaintiff filed his reply to the City's response on April 13, 2009.

### E. March 16, 2009 Order

On March 11, 2009, plaintiff filed a Motion for Order Directing Wood, Smith, Henning & Berman and the Office of the Los Angeles City Attorney to Comply with Local Rule 83-9.2 Re Motion for Exact Copy of Photograph. On March 16, 2009, the Magistrate Judge issued an order ("March 16, 2009 Order") denying plaintiff's motion as moot in light of the March 12, 2009 Order. March 16, 2009 Order at 1. Plaintiff filed his objections to the March 16, 2009 Order ("fifth objections") on March 26, 2009. Defendants Rickenbacker, the City, and Hollywood Tow filed their responses on May 1, 2009. Plaintiff filed his reply on March 27, 2009.

### F. April 1, 2009 Order (Re: Default)

On March 2, 2009, plaintiff filed a Third Request for Clerk to Enter Default Against Defendant Rickenbacker Group. The Clerk denied plaintiff's request on March 3, 2009, and entered a Notice of Deficiency on March 3, 2009. Plaintiff filed a Motion for Entry of Default against defendant Rickenbacker Group on March 9, 2009. In an order issued April 1, 2009 ("April 1, 2009 Order Re: Default"), the Magistrate Judge denied plaintiff's motion without prejudice. The Magistrate Judge reasoned that "the Clerk properly denied entry of default on the ground that the proof of service did not specify the statute under which process was served" and also because there was no declaration of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJWx) | Date | June 30, 2009 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL | | |

due diligence. Apr. 1, 2009 Order Re: Default at 1-2. Plaintiff filed his objections to the April 1, 2009 Order Re: Default ("sixth objections") on April 8, 2009. Defendants Rickenbacker and Hollywood Tow filed their responses on May 1, 2009. Plaintiff filed his reply on May 11, 2009.

### F. April 1, 2009 Order (Re: Extension)

Defendant Rickenbacker filed a Request for Extension of Time to Answer Complaint on March 23, 2009. The Magistrate Judge issued an order on April 1, 2009 ("April 1, 2009 Order Re: Extension") granting defendant's request for good cause. Apr. 1, 2009 Order Re: Extension at 1. Plaintiff filed his objections on April 13, 2009 ("seventh objections"). Defendants Rickenbacker and Hollywood Tow filed their responses on May 1, 2009. Plaintiff filed his reply on May 11, 2009.

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 72(a), a party may file objections to a magistrate judge's non-dispositive order within ten days, and "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." Rule 3.3.1 of the Local Rules Governing Duties of Magistrate Judges sets forth the same standard. See also 28 U.S.C. § 636(b)(1)(A); Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

## III. DISCUSSION

### A. November 21, 2008 Order

As a preliminary matter, the Court notes that plaintiff's "separate response" to the November 21, 2008 order was filed on December 10, 2008, more than 10 days after the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJWx) | Date | June 30, 2009 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL | | |

November 21, 2008 order was issued. See Fed. R. Civ. P. 72(a). Therefore, the Court will not consider it.

In his first objections, which were timely filed, plaintiff argues that the November 21, 2008 order is contrary to law because Fed. R. Civ. P. 12(f) "provides only for striking pleadings, not motions." First Obj. at 5, citing Inter-Tel, Inc. v. West Coast Aircraft Eng'g, Inc., (M.D. Fla 2005) 2005 WL 2431267. Plaintiff further argues that the Magistrate Judge's order constitutes premature adjudication of the merits of his claims against the defendants.[1] Id.

The City argues that courts have "liberal discretion" to strike filings pursuant to 12(f). Resp. to First Obj., citing Pigford v. Veneman, 215 F.R.D. 2, 4 (D.D.C. 2003). The City argues that although Fed. R. Civ. P. 12(f) applies by its terms only to pleadings, courts have occasionally applied the rule to filings other than the various types of pleadings listed in Fed. R. Civ. P. 7(a). Id., citing Pigford, 215 F.R.D. at 4 (striking motion for Fed. R. Civ. P. 11 sanctions which contained baseless accusations of racial bias, pursuant to Fed. R. Civ. P. 12(f)).

The Court acknowledges that, as a technical matter, some courts in the Ninth Circuit have held that Fed. R. Civ. P. 12(f) cannot be used to strike a motion because a motion is not a pleading. See Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880 (9th Cir. 1983) (district court erred in striking motion to reconsider because Fed. R. Civ. P. 12(f) applies only to pleadings); In re Conseco Ins. Co. Annuity Marketing & Sales Practices Litigation, 2007 WL 486367 (N.D. Cal. 2007) ("In any event, a motion is not a pleading and therefore may not be, under the express language of Rule 12(f), the subject of a motion to strike"). However, after reviewing the record, the Court concludes that plaintiff's motion for sanctions nonetheless lacks merit. Accordingly, the Court denies

---

[1] Plaintiff also alleges that the November 21, 2008 order was issued due to improper racial bias on the part of the Magistrate Judge. Plaintiff makes similar claims of racially motivated impropriety in his second, third, and fourth objections. Plaintiff, however, provides absolutely no evidence that would substantiate these claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJWx) | Date | June 30, 2009 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL | | |

sua sponte plaintiff's motion for sanctions.

### B. February 17, 2009 Order

In his second objection, plaintiff argues that the Magistrate Judge's failure to issue an order instructing defense counsel to comply with Local Rule 83.9-2 is clearly contrary to Fed. R. Civ. P. 1. Second Obj. at 7. Plaintiff contends that the Magistrate Judge unreasonably construed plaintiff's February 11, 2009 motion as a joint request because, in doing so, the Magistrate Judge failed to address defense counsel's non-compliance with Local Rule 83.9-2. Id. at 5. Plaintiff argues that he has been harmed by the February 17, 2009 Order because the order will encourage defense counsel to violate the Local Rules, thereby increasing plaintiff's burden and expense. Id. at 8.

Defendant City responds that plaintiff has not demonstrated that the Magistrate Judge's order was clearly erroneous as a matter of law. The City argues that, on the contrary, construing defendant's motion as a joint request served to secure "the just, speedy, and inexpensive determination" of the action, and, therefore, complies with the requirements of Fed. R. Civ. P. 1. Resp. to Second Obj. at 2. Additionally, defendant Hollywood Tow argues that the February 17, 2009 Order granted plaintiff the relief he sought and that plaintiff has thus suffered no harm. Opp. to Second Obj. at 4.

The Court concludes that plaintiff has failed to demonstrate that the Magistrate Judge's order was clearly erroneous or contrary to law. The Magistrate Judge's order furthers the just, speedy and inexpensive determination of the action and, therefore, complies with the requirements of Fed. R. Civ. P. 1. Accordingly, the Court OVERRULES plaintiff's second objections to the Magistrate Judge's February 17, 2009 Order.

### C. February 20, 2009 Order

Plaintiff argues that the February 20, 2009 Order was erroneous because the underlying motion for declaratory relief was neither procedurally defective nor premature

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJWx) | Date | June 30, 2009 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL | | |

as a matter of law.[2]  Third Obj. at 6.  Plaintiff argues that if the Magistrate Judge believed his motion to be a request for summary adjudication, he should have converted the motion to a Fed. R. Civ. P. 56 request for summary judgment.  Id.  Plaintiff argues that because Fed. R. Civ. P. 56 permits parties to move for summary adjudication while a pre-answer Fed. R. Civ. P. 12(b) motion is pending, his motion is not premature.  Id. at 6-7 (citing Stein v. Oshinsky, 348 F.2d 999, 1001 (2nd Cir. 1965)(finding that a motion for summary judgment filed while a Fed. R. Civ. P. 12(b) motion to dismiss was pending was not premature)).

The Court concludes that plaintiff has failed to demonstrate that the February 20, 2009 Order was clearly erroneous or contrary to law.  Plaintiff has presented no authority indicating that the Magistrate Judge was required to construe his motion as a Fed. R. Civ. P. 56 motion for summary judgment.  Furthermore, plaintiff's request for what amounts to summary adjudication of plaintiff's PRA claims before the Court has determined whether supplemental jurisdiction exists over those claims is, as found by the Magistrate Judge, premature.  Accordingly, the Court OVERRULES plaintiff's third objections to the Magistrate Judge's February 20, 2009 Order.

### D.  March 12, 2009 Order

Plaintiff argues that the March 12, 2009 Order was erroneous because the underlying motion for declaratory relief was neither premature nor procedurally improper.  Fourth Obj. at 6-7.  First, plaintiff contends that he was entitled to bring the underlying motion for declaratory relief at any time after the filing of his complaint.  Id. at 7.  Second, plaintiff argues that even if his motion is procedurally improper, because he is proceeding pro se, the Magistrate Judge should have liberally construed his filing as a motion for summary judgment, pursuant to Fed. R. Civ. P. 56.  Id. (citing Parrino, 146

---

[2]Both plaintiff and the City raise arguments regarding the presence or absence of supplemental jurisdiction over plaintiff's state law PRA claims.  However, as the Magistrate Judge did not rule on the issue of supplemental jurisdiction, the Court finds it unnecessary to address these arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJWx) | Date | June 30, 2009 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL | | |

F.3d 699, 706 n. 4). Plaintiff further argues that the Court should have at least construed his motion as a request for an order to show cause. Id. at 6. Finally, plaintiff argues that the March 12, 2009 Order is "so vacuously worded as to constitute a denial of due process" and that the matter should be remanded to the Magistrate Judge with instructions to provide a "specific basis for the denial." Id. at 9.

The Court concludes that the Magistrate Judge did not commit error in denying plaintiff's motion for declaratory relief. The cases plaintiff cites do not demonstrate that the Magistrate Judge was required to construe his motion for declaratory relief as a motion for summary judgment or as a request for an order to show cause. Likewise, plaintiff cites no authority and no facts to support his contention that the Order constitutes a denial of his Fourteenth Amendment right to due process. Accordingly, the Court OVERRULES plaintiff's fourth objections to the Magistrate Judge's March 12, 2009 Order.

### E. March 16, 2009 Order

In his fifth objections, plaintiff argues that the Magistrate Judge's March 16, 2009 Order was erroneous because the mootness doctrine is inapplicable where, as here, the wrongs committed are "capable of repetition." Fifth Obj. at 4. Plaintiff further argues that the issues presented are not moot because defense counsel have thrice violated Local Rule 83-9.2, and they "have absolutely no incentive to change their ways." Id. at 4-5.

Defendant City responds that plaintiff has not demonstrated that the Magistrate Judge's order was clearly erroneous as a matter of law. The City argues that, on the contrary, the Magistrate Judge's March 16, 2009 Order served to secure "the just, speedy, and inexpensive determination" of the action, and, therefore, complies with the requirements of Fed. R. Civ. P. 1. Resp. to Fifth Obj. at 3.

The Court concludes that plaintiff has failed to demonstrate that the Magistrate Judge's March 16, 2009 Order was clearly erroneous or contrary to law. The March 16, 2009 Order furthers the just, speedy and inexpensive determination of the action and,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJWx) | Date | June 30, 2009 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL | | |

therefore, complies with the requirements of Fed. R. Civ. P. 1. Furthermore, the March 12, 2009 Order mooted plaintiff's motion. Accordingly, the Court OVERRULES plaintiff's fifth objections to the Magistrate Judge's March 16, 2009 Order.

### F.  April 1, 2009 Order Re: Default

Plaintiff argues the Magistrate Judge's April 1, 2009 Order is erroneous because, contrary to the information in the Clerk's Notice of Deficiency, neither federal law nor California law requires declarations of due diligence and specifications of statute in the request for entry of default. Sixth Obj. at 4.

Defendants Rickenbacker and Hollywood Tow respond that the Magistrate Judge did not err in denying plaintiff's motion because plaintiff's service of process was defective. Resp. To Sixth Obj. at 3. Defendants argue that plaintiff failed to make the necessary corrections indicated in the Clerk's Notice of Deficiency, and instead filed a motion for entry of default. Id.

The Court concludes that plaintiff has failed to demonstrate that the Magistrate Judge's April 1, 2009 Order Re: Default was clearly erroneous or contrary to law. The Court agrees with defendants and the Magistrate Judge that the Clerk properly denied plaintiff's entry of default because the proof of service was defective. Without specifying the statute under which process is served, the Clerk cannot determine if request for default satisfies the jurisdictional requirements. Accordingly, the Court OVERRULES plaintiff's sixth objections to the Magistrate Judge's April 1, 2009 Order Re: Default.

### G.     April 1, 2009 Order Re: Extension

Plaintiff argues that the April 1, 2009 Order is erroneous because the Magistrate Judge unlawfully granted defendant Rickenbacker's Request for Extension of Time to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJWx) | Date | June 30, 2009 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL | | |

Answer Complaint and allowed defendant, a corporation, to proceed pro se.[3] Plaintiff contends that the Order thus runs contrary to Fed. R. of Civ. P. 4(d), 5(a), 6(d), and Local Rules 17-19 and 83-2.10.2. Seventh Obj. at 3-9.

Defendant Rickenbacker responds that the Magistrate Judge properly granted its Request because defendant had not yet obtained legal counsel. Resp. to Seventh Obj. at 2. Defendant further argues that the plaintiff's objections are unfounded because defendant never appeared pro se and the Magistrate Judge did not treat defendant's Request as a pro se appearance. Id. at 3.

The Court concludes that plaintiff has failed to demonstrate that the Magistrate Judge's April 1, 2009 Order Re: Extension was clearly erroneous or contrary to law. The Magistrate Judge determined that defendant presented good cause for granting the extension of time. Accordingly, the Court OVERRULES plaintiff's seventh objections to the Magistrate Judge's April 1, 2009 Order Re: Extension.

**IV. CONCLUSION**

In accordance with the foregoing, the Court OVERRULES plaintiff's objections to: (1) the Magistrate Judge's February 17, 2009 Order; (2) the Magistrate Judges's February 20, 2009 Order; (3) the Magistrate Judge's March 12, 2009 Order; (4) the Magistrate Judge's March 16, 2009 Order; (5) the Magistrate Judge's April 1, 2009 Order Re: Default; and (6) the Magistrate Judge's April 1, 2009 Order Re: Extension. Furthermore, the Court sua sponte DENIES plaintiff's November 20, 2008 motion for sanctions.

IT IS SO ORDERED.

---

[3] California Local Rule 83-2.10.1 states in relevant part that a "corporation...may not appear in any action or proceeding *pro se.*"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJWx) | Date | June 30, 2009 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL | | |

00 : 00

Initials of Preparer     CMJ

cc:   Magistrate Andrew J. Wistrich