UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

# CIVIL MINUTES - GENERAL

| Case No. | CV 07-7568 CAS (AJW) | Date | November 17, 2009 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers): **PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S 2009 OCT 1 ORDER REFUSING TO FOLLOW JUDICIAL CONFERENCE POLICY** (filed 10/9/09)

**PLAINTIFF'S OBJECTION TO DISTRICT JUDGE SNYDER'S 2009 OCT 29 SCHEDULING ORDER** (filed 11/12/09)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. The matter is hereby taken under submission.

## I.    INTRODUCTION

On September 21, 2009, plaintiff filed a request to the Clerk of Court that a copy of all documents electronically filed in his case be emailed to him. Plaintiff stated that his request was "made pursuant to Judicial Conference of the United States' policy which permits not only attorneys of record but parties in a case including pro se litigants, such as the instant plaintiff, to receive one free electronic copy of all documents filed electronically." On October 1, 2009, Magistrate Judge Wistrich ("the Magistrate Judge") denied plaintiff's request "without prejudice to its renewal on the basis of a more adequate record, including a copy of the judicial conference policy on which plaintiff apparently relies."

On October 9, 2009, plaintiff filed the instant objections to the Magistrate Judge's October 1, 2009 order. On October 29, 2009, this Court set forth the following briefing schedule: "Defendants' oppositions shall be filed on or before November 2, 2009; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-7568 CAS (AJW) | Date | November 17, 2009 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL. | | |

Plaintiff's reply shall be filed on or before November 12, 2009." On November 2, 2009, defendants filed their opposition. On November 12, 2009, plaintiff filed a reply as well as the instant objection to this Court's scheduling order.

### II. PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER

Pursuant to Fed. R. Civ. P. 72(a), a party may file objections to a magistrate judge's non-dispositive order within ten days, and "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." Rule 72-2.1 of the Local Rules sets forth the same standard. See also 28 U.S.C. § 636(b)(1)(A); Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

Plaintiff argues that he "receives with every copy of a court order mailed to him" by the Clerk of Court the following note:

> "Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply."

Mot. at 2-3. Plaintiff asserts that this note demonstrates that the Clerk of Court is required to provide him with free emailed copies of all the documents filed in his case. Id. at 3.

Plaintiff contends that the Magistrate Judge denied his motion because of plaintiff's race, and that this denial was contrary to the Local Rules. Mot. at 1–4. Furthermore, plaintiff argues that providing him with free emailed copies of all documents filed in his case is consistent with Fed. R. Civ. Pro. 1, which directs that civil actions and proceedings "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Id. at 3. Plaintiff contends that providing him with a free electronic emailed copy of documents filed would be both less expensive and substantially speedier than a mailed copy. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJW) | Date | November 17, 2009 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL. | | |

The Court finds that the Magistrate Judge's order is neither clearly erroneous nor contrary to law. See Fed. R. Civ. P. 72(a). Specifically, plaintiff has provided no evidence that the Magistrate Judge acted with racial animus. It appears instead that the Magistrate Judge was acting in accordance with General Order No. 08-02, VII.A, "Service of Electronically Filed Documents," which provides that:

> Upon the electronic filing of a document, a [notice of electronic filing] is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered CM/ECF Users and have consented to electronic service. Service of an electronically filed document upon a CM/ECF User who has consented to electronic service is deemed complete upon the transmission of the [notice of electronic filing].
>
> For pro se litigants, attorneys who are not a CM/ECF User and CM/ECF Users who have not consented to electronic service, traditional service is deemed complete in accordance with the Federal Rules of Civil and Criminal Procedure.

Here, because plaintiff is a pro se litigant and not an attorney, he is not eligible to receive electronically filed documents via electronic service.[1] Instead, according to General Order No. 08-02, VII.A, plaintiff must be served by mail or personal service, i.e., in the traditional manner. Furthermore, the note to which plaintiff refers to in his motion provides plaintiff with notice that he may download from PACER a free copy of electronically filed documents, if their receipt is required by law or directed by the filer. However, the note does not entitle plaintiff to have such documents emailed to him. Accordingly, the Court DENIES plaintiff's objections to the Magistrate Judge's order.

### III. PLAINTIFF'S OBJECTION TO THIS COURT'S SCHEDULING ORDER

---

[1] General Order No. 08-02, II.G, provides that: "'Consent to Electronic Service' is the authorization by an attorney to accept service by electronic means pursuant to the Federal Rules of Civil and Criminal Procedure. Attorneys may consent to electronic service as part of the online CM/ECF registration."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJW) | Date | November 17, 2009 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL. | | |

Plaintiff objects to this Court's October 29, 2009 scheduling order to the extent that it required defendants to file an opposition to plaintiff's objection to the Magistrate Judge's order on October 1, 2009. Mot. at 3. Plaintiff argues that the situation merely involved a request to the Clerk of Court to be included on an existing email list. Id. Plaintiff contends that defendants lack standing to present an opposition because they "have absolutely no interest or right implicated in this situation whatsoever." Id.

It appears that plaintiff seeks reconsideration of this Court's October 29, 2009 scheduling order. Local Rule 7-18 sets forth the bases upon which this Court may reconsider a previous order. The Rule provides as follows:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise or reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

The Court finds that plaintiff has not set forth any basis upon which the Court may reconsider its previous order, and accordingly DENIES plaintiff's motion.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's objections to the magistrate's order on October 1, 2009, and DENIES plaintiff's motion for reconsideration of its scheduling order on October 29, 2009.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJW) | Date | November 17, 2009 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL. | | |

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |