UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-7568 CAS (AJW) | Date | November 23, 2009 |
|----------|----------------------|------|-------------------|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|------------------------|---------------------|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
| Not Present | Not Present |

Proceedings:     **(In Chambers):  PLAINTIFF'S NOTICE AND MOTION —PURSUANT TO 2009 JAN 23 COURT ORDER, DOC 132 PAGE 2, ITEM (4)—FOR MONETARY SANCTIONS AGAINST OFFICE OF THE CITY ATTORNEY AND TODD T. LEUNG FOR FILING FRIVOLOUS OPPOSITION TO PLAINTIFF'S RULE 72A OBJECTIONS** (filed 11/13/09)

The Court finds this motion appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing date of December 21, 2009, is hereby vacated and the matter is hereby taken under submission.

On September 21, 2009, plaintiff filed a request to the Clerk of Court that a copy of all documents electronically filed in his case be emailed to him.  Plaintiff stated that his request was "made pursuant to Judicial Conference of the United States' policy which permits not only attorneys of record but parties in a case including pro se litigants, such as the instant plaintiff, to receive one free electronic copy of all documents filed electronically."  On October 1, 2009, Magistrate Judge Wistrich ("the Magistrate Judge") denied plaintiff's request "without prejudice to its renewal on the basis of a more adequate record, including a copy of the judicial conference policy on which plaintiff apparently relies."

On October 9, 2009, plaintiff filed objections to the Magistrate Judge's October 1, 2009 order.  On October 29, 2009, this Court set forth the following briefing schedule: "Defendants' oppositions shall be filed on or before November 2, 2009; and Plaintiff's reply shall be filed on or before November 12, 2009."  On November 2, 2009, defendants filed their opposition.  On November 12, 2009, plaintiff filed a reply as well as an objection to this Court's scheduling order.  On November 19, 2009, the Court denied

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJW) | Date | November 23, 2009 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL. | | |

plaintiff's objections to the magistrate's October 1, 2009 order, and denied plaintiff's motion for reconsideration of its scheduling order.

On November 13, 2009, plaintiff filed the instant motion for sanctions in the amount of $1,000 against the Office of the City Attorney and Los Angeles Deputy City Attorney Todd T. Leung ("Leung"), counsel for defendant City of Los Angeles.  Plaintiff contends that in defendants' opposition to plaintiff's objections to the Court's October 1, 2009 order, Leung made false, meritless, and frivolous arguments.

Under Fed. R. Civ. P. 11, a court may impose sanctions upon attorneys or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment.  Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir. 1996).  All pleadings and other motions filed with a court must be signed by an attorney or the unrepresented party, certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances": (1) the paper is not presented for an improper purpose; (2) the claims have a valid legal basis; and (3) there is factual support for the allegations.  Fed. R. Civ. P. 11(b).

The imposition of sanctions is a matter within the discretion of the court.  Fed. R. Civ. P. 11(c).  "The court has significant discretion in determining what sanctions, if any, should be imposed for a violation. . . ."  Committee Notes on Amendments to Federal Rules of Civil Procedure (1993), 146 F.R.D. 401, 587.

The Court has reviewed plaintiff's papers filed in support of his sanctions motion, and has reviewed defendants' opposition to plaintiff's objections to the Court's October 1, 2009 order.  The Court finds that the opposition written by Leung was not presented for an improper purpose, the claims have a valid legal basis, and there is factual support for the allegations.  See Fed. R. Civ. P. 11(b).  Therefore, the Court concludes that sanctions are not warranted here.  See generally Golden Eagle Distrib. Corp. v. Burroughs Corp., 801 F.2d 1531, 1537-1538 (9th Cir. 1986) (discussing the objective reasonableness standard under Rule 11).  Accordingly, plaintiff's motion is DENIED.

IT IS SO ORDERED.

00 : 00

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJW) | Date | November 23, 2009 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL. | | |

Initials of Preparer                    CMJ