UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJWx) | Date | February 16, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers): **DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS** (filed 12/9/10)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

## I. INTRODUCTION

Plaintiff filed the instant complaint on November 19, 2007. A first amended complaint ("FAC") was filed on December 19, 2007, a second amended complaint ("SAC") was filed on December 22, 2008, and a third amended complaint ("TAC") was filed on September 15, 2009. Plaintiff's claims, as outlined in his 160-page long TAC, are known to the parties, and summarized in detail in the July 27, 2010 Report and Recommendation of the Magistrate Judge, adopted by this Court on August 31, 2010. The claims arise from a series of parking citations received and contested by plaintiff. Plaintiff alleges, in part, that in connection with the challenged parking citations, his car was wrongfully towed. TAC ¶ 97. Plaintiff makes further allegations regarding a tow of his vehicle, which, according to plaintiff, resulted in the towing company incorrectly reported debts and that these debts appeared on his credit report in error. TAC ¶ 548. Defendant Experian Information Solutions, Inc. ("Experian") filed the instant motion for judgment on the pleadings on December 9, 2010. On January 5, 2011, plaintiff filed an opposition to defendant's motion. On January 10, 2011 Experian filed a reply in support of its motion. Having carefully considered the arguments of the parties, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJWx) | Date | February 16, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL. | | |

## II.  LEGAL STANDARD

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain.  See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996).  In considering a Rule 12(c) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party.  NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994).  For purposes of the motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial.  5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 1368 (3d ed. 2004).

## III.  DISCUSSION

Defendant Experian argues that plaintiff's claims against Experian are barred by the doctrine of claim preclusion in light of this Court's October 4, 2010 order in B. Benedict Waters v. Juan Carlos Casas et al., Case No. 09-7696 (the "2009 Case"), granting summary judgment in Experian's favor.  Mot. at 1.  Defendant argues that the three elements of claim preclusion–(1) a final judgment on the merits; (2) involving identical parties or privies; and (3) involving the same claims or causes of action in both suits–are met here.  Id. at 4-5, citing Headwaters Inc. v. U.S. Forest Serv., 399 F. 3d 1047, 1052 (9th Cir. 2005).  Defendants argue that the first two elements are met because both Plaintiff and Experian were parties to the 2009 Case, and summary judgment is considered a final judgment for purposes of claim preclusion.  Mot. at 5, citing First Pacific Bancorp. v. Helfer, 224 F. 3d 1117, 1128 (9th Cir. 2000).  As to the third element, defendant argues that the two lawsuits "arise out of the same 'transactional nucleus of facts.'" Mot. at 5, citing Int'l Union of Operating Eng'rs-Employers Constr. Indust. Pension, Welfare & Training Trust Funds v. Karr, 994 F. 2d 1426, 1430 (9th Cir. 1993).  Defendants argue that the test is met here because "these actions arise out of the tows of Plaintiff's vehicles by Hollywood Tow, its subsequent assignment of the unpaid towing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJWx) | Date | February 16, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL. | | |

debts to Rickenbacker, and Rickenbacker's reporting of these debts to Experian. . . . Moreover, the TAC in this case was filed in September 2009, and Plaintiff filed his 2009 case in October 2009. Therefore, Plaintiff had the opportunity in the 2009 case to assert every claim against Experian he makes in this case." Mot. at 5.

Moreover, Experian argues, plaintiff's FCRA claims should be dismissed because his allegations do not give rise to a claim under that act. Id. at 5-6. Defendant argues that under Carvalho v. Equifax Information Services, LLC, 615 F. 3d 1217 (9th Cir. 2010), plaintiff's FCRA claims cannot stand because the reported information is challenged by defendant based on a legal, rather than factual dispute. Id. Defendant also argues that plaintiff's claim for civil conspiracy fails because "[p]laintiff has not alleged what wrongful conduct occurred, nor has he alleged that he was even damaged." Id. at 7.

Plaintiff, in opposition, appears to argue that his allegations state a claim under the FCRA because they do not "amount to a dispute of the legal validity of the information Experian reported," but rather demonstrate there was a factual inaccuracy, if all inferences are to be drawn in favor of the plaintiff, as they should be when considering a motion for judgment on the pleadings. Opp. at 9. He argues that he "admitted owing the subject matter debt to Hollywood Tow in his dispute letter to Experian Information Solutions . . . . Plaintiff simply asked Experian to correct the data to accurately show it as a towing debt." Id. at 11. Plaintiff relies on Pintos v. Pacific Creditors Ass'n, 605 F. 3d 665 (9th Cir. 2001) to argue that "[t]owing and impounding a car is not, as a matter of circuit law, a credit transaction," and therefore, the credit report complained of contained an inaccuracy on which an FCRA claim could be predicated. Id. at 15.

Moreover, as to defendant's argument that the claims in the instant case are barred by the doctrine of claim preclusion following the summary judgment order in the 2009 Case, plaintiff argues that the issues in this case do not arise from the same transactional nucleus of facts as those in the 2009 Case, as demonstrated by the fact that this Court denied a motion to consolidate the two cases. Id. at 19. Moreover, plaintiff argues, defendant Experian admitted that there were different transactions at issue in its motion to consolidate when it stated: "Indeed the only discernible **new** facts in Case No. 09-7696 **relate to a tow of Plaintiff's vehicle** that Plaintiff claims occurred on or around 7/18/08." Id. at 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJWx) | Date | February 16, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL. | | |

As to plaintiff's civil conspiracy claim, plaintiff argues that he has sufficiently alleged damages, and that to the extent the allegations in the TAC are too vague, he should be allowed leave to amend, as he is proceeding *pro se* in this litigation. Id. at 21.

Defendant, in reply, argues that plaintiff's opposition "simply consists of Plaintiff's ongoing diatribe against the parties, their attorneys, and the Court with a host of vitriolic remarks, while largely ignoring the legal merits of Experian's motion."[1] Reply at 2. On the issue of claim preclusion, defendant argues that plaintiff's attempts to characterize the 2009 Case as arising out of a different set of facts is inaccurate. Id. at 3. "Here, the 'transactional nucleus of facts' at issue relates to the tows of Plaintiff's vehicles by Hollywood Tow, its subsequent assignment of the unpaid towing debts to Rickenbacker, and Rickenbacker's reporting of these debts to Experian. . . . .The fact that Plaintiff's 2009 case also involved conduct that occurred after this case was filed **in addition** to the conduct at issue in this case does not create separate 'claims' for purposes of claim preclusion. Id. at 3, citing Constantini v. Trans World Airlines, 681 F. 2d 1199, 1201 (9th Cir. 1982).

Defendant further argues in reply that plaintiff's opposition does not effectively contradict defendant's claim that plaintiff's dispute with respect to his credit report was legal rather than factual, and that he misconstrues the holding in Pintos. Reply at 5. In fact, defendant argues, in plaintiff's opposition, "Plaintiff essentially admits that Experian did not inaccurately report the information at issue in this case. This entirely undercuts his FCRA claims," which require a showing of inaccuracy. Id. at 4, citing Dennis v. BEH-1, LLC, 520 F. 3d 1066, 1069 (9th Cir. 2008). Defendant also objects to plaintiff's request to amend his complaint with respect to his claim for civil conspiracy, as it would be futile. Reply at 6. "Furthermore, leave to amend should be denied because the Court already dismissed Plaintiff's claims for civil conspiracy against Hollywood Tow, Rickenbacker, and the City of Los Angeles with prejudice and denied Plaintiff's request to file a fourth amended complaint." Id.

---

[1] Defendant also argues that the court could, in its discretion, grant Experian's motion on the basis of plaintiff's failure to file a timely opposition, as plaintiff's opposition was filed two days after the deadline per the requirements of Local Rule 7-9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJWx) | Date | February 16, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL. | | |

The Court finds that plaintiff's claims are barred by the doctrine of claim preclusion, based on the Court's October 4, 2010 ruling in the 2009 Case. While some claims and allegations differ between the complaints in the two cases, the FCRA and civil conspiracy claims in the two cases with respect to the present defendant arise from the same transactional nucleus of facts. Moreover, as argued by defendant, to the extent that the allegations in the 2009 Case included additional claims of wrongdoing with respect to additional tows, this does not alter the Court's conclusion, and its order in the 2009 case that plaintiff could not state a claim as a matter of law necessarily applies to the allegations at issue here. Moreover, even if claim preclusion did not apply, the Court finds that plaintiff cannot state a FCRA claim as a matter of law based on the same reasoning as the Court applied in that order. As this Court found in the 2009 case, plaintiff cannot establish that the report contained inaccurate information, and therefore his claim cannot stand as a matter of law. Furthermore, as to plaintiff's civil conspiracy claim, the Magistrate Judge, in his July 27, 2010 Report and Recommendation, adopted by the Court on August 31, 2010, concluded that the "twenty-eighth claim for relief against Rickenbacker, Experian, the city, and Hollywood Tow should be dismissed" because they are "no more than 'naked assertion[s] of conspiracy' that do not even show parallel conduct, much less plausible grounds for inferring an express or tacit agreement to violate plaintiff's civil rights." Report and Recommendation at 43, citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007). The Court is in agreement with the Magistrate Judge's conclusion and finds that plaintiff's civil conspiracy claim should therefore be dismissed without leave to amend.

### IV. CONCLUSION

In light of the foregoing, defendant Experian's motion for judgment on the pleadings is GRANTED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |