UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 07-7568 CAS (AJWx) | Date | February 16, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Not Present                               Not Present

**Proceedings:** **(In Chambers): Defendant Rickenbacker Group, Inc.'s Motion for Summary Judgment** (filed October 29, 2010)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

**I.     INTRODUCTION**

Plaintiff filed the instant complaint on November 19, 2007. A first amended complaint ("FAC") was filed on December 19, 2007, a second amended complaint ("SAC") was filed on December 22, 2008, and a third amended complaint ("TAC") was filed on September 15, 2009. Plaintiff's claims, as outlined in his 160-page long TAC, are known to the parties, and summarized in detail in the July 27, 2010 Report and Recommendation of the Magistrate Judge, adopted by this Court on August 31, 2010. The claims arise from a series of parking citations received and contested by plaintiff. Plaintiff alleges, in part, that in connection with the challenged parking citations, his car was wrongfully towed. TAC ¶ 97. Plaintiff makes further allegations regarding a tow of his vehicle, which, according to plaintiff, resulted in the towing company incorrectly reported debts and that these debts appeared on his credit report in error. TAC ¶ 548.

Defendant Rickenbacker Group, Inc. ("Rickenbacker") filed the instant motion for summary judgment on October 29, 2010. On November 8, 2010, plaintiff filed an opposition to defendant's motion. On November 15, 2010, defendant filed a reply in support of its motion. Having carefully considered the arguments of the parties, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 07-7568 CAS (AJWx) | Date | February 16, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL. | | |

## II.    LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested.  See Fed. R. Civ. P. 56(c).  The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324.  Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law.  See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987).  When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997).  Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue.  See Matsushita, 475 U.S. at 587.

## III.    DISCUSSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 07-7568 CAS (AJWx) | Date | February 16, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL. | | |

Rickenbacker argues that summary judgment should be granted in its favor with respect to the last remaining claim against it, plaintiff's twenty-sixth claim alleging violations of the Federal Credit Reporting Act ("FCRA"). Mot. at 3. Rickenbacker argues that plaintiff cannot show that it reported factually inaccurate information, as would be required to recover under the FCRA, nor that it otherwise failed to comply with its requirements under the FCRA. Id. at 8, 10. "Rickenbacker reported to Experian plaintiff's lawful debt owed to Hollywood Tow under Civil code section 3068, et seq., Experian placed it on plaintiff's credit report. Plaintiff has produced no evidence that it is 'fictional' or 'non-existent' simply that it is located in a section of his credit report under 'credit transactions' as opposed to some category entitled 'towing company debts.' This in and of itself doe [sic] not make the debt inaccurate. Plaintiff's argument is entirely semantics. Plaintiff never provides any facts or arguments that he has adjudicated the claim in his favor, that Hollywood Tow forgave the debt or that it was discharged. His only argument is that he 'did not open a credit account with Hollywood Tow.' Clearly, this logic is misplaced and does not overcome defendant's evidence presented in this motion." Id. at 11.

Moreover, defendant argues, the court has already "addressed the exact same claim in the related action (*Waters v. Juan Carlos Casas, et al.* CV 09-076996 CAS (AJW)) granting this same defendant's motion for summary judgment as to plaintiff's first claim for relief. That order (docket #276) clearly provides that plaintiff's FCRA claims do not raise a question of fact as to the reporting of inaccurate information by Rickenbacker. Nothing is any different here." Id.

Much of plaintiff's opposition is dedicated to argument with respect to Federal Debt Collection Practices Act claims as addressed in this Court's order granting summary judgment to defendants in a related case, Waters v. Juan Carlos Casas, et al. With respect to the issues addressed in defendant's instant motion, plaintiff appears to argue that summary judgment is improper under Pintos v. Pacific Creditors Ass'n, 605 F. 3d 665 (9th Cir. 2010) and Gorman v. Wolpoff & Abramson, 584 F. 3d 1147 (9th Cir. 2009). Opp. at 4-6.[1] Plaintiff argues that Pintos establishes that "the involuntary towing of a

---

[1] Plaintiff also disputes defendant's characterization of deposition testimony offered in support of their interpretation of his complaint. Opp. at 14-20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 07-7568 CAS (AJWx) | Date | February 16, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL. | | |

vehicle is not a credit transaction," and therefore, under Gorman, the information in his credit report was "misleading and thus separately inaccurate." Id. at 22.

The Court concludes that it is proper to grant summary judgment in favor of defendant Rickenbacker. The Court concludes that its decision in Waters v. Juan Carlos Casas et al. bars plaintiff's FCRA claim in the instant suit. As the Court concluded in that case, plaintiff does not raise a question of fact as to whether defendants reported inaccurate information, and therefore his claim can stand as a matter of law.[2]

## IV.   CONCLUSION

In light of the foregoing, defendant Rickenbacker's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[2] The Court further finds that plaintiff's arguments are based on an incorrect reading of Pintos. Pintos addressed the question–not at issue in the case at bar–as to the circumstances under which a creditor can obtain the credit report of an alleged debtor, addressing a separate section of the FCRA. In addition, and more importantly, the court in Pintos did not conclude, as plaintiff contends, that the tow was not a "credit transaction," but rather that the plaintiff was not "involved" in the credit transaction for purposes of § 1681b(a)(3)(A). In fact, while not deciding the question, the court in Pintos appears to assume that the towing debt is a credit transaction. "Similarly, that Pintos owned the car that was towed did not mean that she initiated the credit transaction. Like the victim in Andrews, Pintos was not a 'participant' in the credit transaction, but was 'obliged to become associated' with it after her car was towed and the towing deficiency claim arose." Pintos, 565 F. 3d at 1113.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  **JS-6**

| Case No. | CV 07-7568 CAS (AJWx) | Date | February 16, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL. | | |