UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-7568 CAS (AJWx) | Date | November 15, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| RITA SANCHEZ | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

| Proceedings: | **(In Chambers:) PLAINTIFF'S MOTION FOR RECONSIDERATION** (filed 3/22/2011) |
|---|---|

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

## I.   INTRODUCTION & BACKGROUND

On November 19, 2007, plaintiff, in pro se, filed a complaint against numerous defendants, including Hollywood Tow Service, Inc. ("Hollywood Tow"), Experian Information Solutions, Inc. ("Experian") and Rickenbacker Group, Inc. ("Rickenbacker"). Plaintiff was granted leave to amend multiple times; his third amended complaint ("TAC") was filed on September 15, 2009. Plaintiff's claims, as outlined in his 160-page long TAC, are known to the parties, and summarized in detail in the July 27, 2010 Report and Recommendation of the Magistrate Judge ("July 27th Report").

On August 31, 2010, the July 27th Report, which dismissed several of plaintiff's claims, was adopted by this Court. Dkt. No. 361. On September 14, 2010, the default as to Juan Carlos Casas was set aside. Dkt. No. 362. On February 16, 2011, the Court granted Rickenbacker's motion for summary judgment and Experian's motion for judgment on the pleadings. Dkt. Nos. 419–20. On February 22, 2011, the Court entered judgment in Rickenbacker's and Experian's favor. Dkt. No. 422. On March 22, 2011, plaintiff filed his motion for reconsideration of the above orders. Dkt. No. 438. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJWx) | Date | November 15, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL. | | |

## II.   LEGAL STANDARD

Local Rule 7-18 sets forth the bases upon which this Court may reconsider a previous order.  The Rule provides as follows:

A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

Pursuant to Fed. R. Civ. Pro. 59(e), a party seeking to alter or amend a judgment must file his motion within 28 days from entry of the judgment.  A Rule 59(e) motion is the proper vehicle by which to seek a vacation of an order of dismissal.  Mir v. Fosburg, 646 F.2d 342, 343 (9th Cir. 1980), See also Hamid v. Price Waterhouse, 51 F.3d 14111 (9th Cir. 1995).  This deadline is "jurisdictional," thus,  District courts do not have discretion to consider an untimely 59(e) motion.  Carter v. United States, 973 F.2d 1479, 1488 (9th Cir. 1992).

A motion made pursuant to Fed. R. Civ. Pro. 60(b)(2) or 60(b)(6) must be made "within a reasonable time."  Fed. R. Civ. Pro. 60(c).  A rule 60(b)(2) motion can be made where newly discovered evidence would probably produce a different result.  Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003).  This evidence must be material and cannot be merely cumulative or impeaching.  Id.  Rule 60(b)(6) is an equitable remedy to prevent manifest injustice where extraordinary circumstances prevented a party from taking action in a timely manner to correct an erroneous judgment.  United States v. State of Wash., 98 F.3d 1159, 1163 (9th Cir. 1996).  Further, new evidence must evidence that "could not have been discovered in time to move for a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJWx) | Date | November 15, 2011 |
|----------|------------------------|------|-------------------|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL. | | |

new trial under Rule 59(b)." Fed. R. Civ. Pro. 60(b)(2). Evidence is not newly discovered if it was "in the possesion of the party before judgment was rendered." <u>Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.</u>, 833 F.2d 208, 212 (9th Cir. 1987). Rule 60(b)(6) does not apply where other sections apply. <u>Liljeberg v. Health Serv. Acquisition Corp.</u>, 486 U.S. 847, 863 (1988).

## III.   DISCUSSION

Plaintiff's motion requests that this Court reconsider numerous orders made at many different stages in the instant case.[1] The orders here at issue broadly include orders dismissing plaintiff's claims, relieving defendants from default, and granting Rickenbacker's motion for summary judgment and Experian's motion for judgment on the pleadings. Mot. at 2.

As an initial matter, plaintiff's motion for reconsideration as it relates to the majority of the above-listed orders is untimely. Rule 59(e) is the proper vehicle to challenge a dismissal and such a challenge must be made within 28 days of the order's entry. <u>Mir</u>, 646 F.2d at 343, Fed. R. Civ. P. 59(e). On August 31, 2010, many of plaintiff's claims were dismissed. Dkt. No. 361. Pursuant to rule 59(e), plaintiff had until September 28, 2010 to file his motion for reconsideration of the claim dismissals, but he failed to do so until March 22, 2011. Dkt. No. 438. Further, plaintiff's motion is untimely even under Rule 60's "reasonable time" standard because the plaintiff waited, without cause, months after these orders were entered to challenge them.

Substantively, plaintiff's motion argues that this Court has misapplied the law in granting various motions. Mot at 5-6. Specifically, plaintiff argues the legal interpretation of the "plausibility standard" under Ninth Circuit case law was incorrectly applied in the July 27th Report. <u>Id.</u> Plaintiff further argues misapplication of the law and facts as they relate to all of the challenged orders. <u>Id.</u> at 5–25. These arguments do not

---

[1]Plaintiff's motion also requests "clarification as to the basis for concluding that claim preclusion applies to the facts of this case." Mot. at 28. This Court has already adequately explained the basis for claim preclusion when Experian's motion was granted. <u>See</u> Dkt. No. 419.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7568 CAS (AJWx) | Date | November 15, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOLLYWOOD TOW SERVICE, INC., ET AL. | | |

raise any "material difference" in fact or the law that "in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision." L.R. 7-18.

Plaintiff purports to raise "new" evidence in support of his motion. Mot. at 17. Specifically, plaintiff argues that in November 2009, defendant Mendieta admitted that he "impound[ed] Plaintiff's vehicle just to meet his quota."[2] Id., Waters Decl. ¶¶ 5–8. Evidence is not newly discovered if it was "in the possession of the party before judgment was rendered." Coastal Transfer Co., 833 F.2d at 212. Here, plaintiff was in possession of this evidence for nearly a year before the earliest contested order adopting the July 27th Report was issued. Thus, plaintiff's evidence is not newly discovered and can not form the basis for reconsideration. L.R. 7-18; Fed. R. Civ. P. 60.

In arguing that the Court misapplied the law, plaintiff's motion repeats the same arguments he made in his prior motions, oppositions, and replies. Pursuant to Local Rule 7-18, however, a motion for reconsideration cannot merely "repeat any oral or written argument" already heard by the Court. L.R. 7-18. Plaintiff has failed to raise any new "material difference" in law to support his argument that was not already offered during previous rounds of voluminous briefing. Thus, plaintiff's motion must be denied.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion for reconsideration.

IT IS SO ORDERED

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | RS | | |

---

[2] This new evidence is contested by Mendieta. Mendieta Decl. ¶ 3.